## HANEY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 22, 1908.)

DAMAGES—EXCESSIVE DAMAGES.

     Where plaintiff suffered a Potts fracture of one ankle, a verdict for $3,000 was not excessive.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 357–371.]

Appeal from Trial Term.

Action by Mary Haney against the city of New York. From a judgment for plaintiff, and from an order denying motion for a new trial, defendant appeals. Reversed, and new trial ordered, unless plaintiff stipulate to reduce verdict to $3,000, in which case the judgment, as so modified, and the order to be affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Theodore Connoly, for appellant.

Edwin S. Merrill, for respondent.

SCOTT, J. Appeal by defendant from a judgment upon a verdict in favor of plaintiff. The injury complained of resulted from the collapse of a temporary foot bridge at the corner of Eighteenth street and Fifth avenue, in the city of New York, and the facts do not differ substantially from those shown in Parks v. City of New York, 111 App. Div. 836, 98 N. Y. Supp. 94; Id., 187 N. Y. 555, 80 N. E. 1115. There is, therefore, no doubt as to the defendant's liability, and the only question involved in the appeal is as to the amount of the damages recovered.

The plaintiff suffered a Potts fracture of one ankle, for which it was conceded that she is entitled to recover. She claims, however, to be entitled also to recover for internal injuries, which in time necessitated a serious surgical operation. That she did submit to such operation is unquestioned; but we consider that the evidence, and especially the weight of the expert medical testimony, is heavily against the plaintiff's claim that her internal ailments, which rendered the operation necessary, resulted from the accident of which she complains.

It follows that the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event, unless the respondent stipulates to reduce the verdict to $3,000, in which case the judgment, as thus reduced, will be affirmed, without costs in this court. All concur.